

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DANIELLE F. LEE<br><br>                               *Plaintiff,*<br><br>v.<br><br>AMERISIST ASSISTED LIVING<br>AMERISIST MANAGEMENT COMPANY, L.L.C.,<br><br>                               *Defendants.* | CIVIL ACTION NO. 3:06-CV-0002<br><br><br>ORDER AND OPINION<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants motion to set aside entry of default and for enlargement of time to file responsive pleadings, filed on June 1, 2006. For the following reasons, this motion is hereby GRANTED.

A court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). The decision whether to set aside an entry of default lies within the district judge's discretion. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). When determining whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of less drastic sanctions. *Id.; Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). *See also United States ex rel.*

1

*Shaver v. Lucas Western Corp.*, 237 F.3d 932 (8th Cir. 2001) (holding that there was no error in setting aside an entry of default where the defaulting party did not intentionally delay in responding to the complaint, there was no prejudice to the opposing party, and the defaulting party had a meritorious defense).

In this case, the moving party appears to have a meritorious defense, namely that it has too few employees to be subject to the Family Medical Leave Act. In addition, Defendants have apparently acted promptly in moving to have the entry of default set aside. Plaintiff moved for entry of default on May 24, 2006, default was entered one day later, and Defendants filed this motion on June 1. Further, because so little time has elapsed since the entry of default, there is little or no prejudice to Plaintiff. Nor do Defendants have a history of dilatory action of which the Court is aware. Although Defendants state that they failed to respond to the complaint because one Charles V. Rice, "the managing member of Amerisist Management Company, L.L.C.," according to his affidavit, lost the complaint among the papers related to his personal bankruptcy, default would be a harsh sanction for this oversight given the existence of a potentially meritorious defense and the prompt attempts to rectify the matter. Therefore, the Court hereby sets aside entry of default in this case.[1]

Defendants also move for an enlargement of time to file responsive pleadings under Rule 6(b). A court may grant an extension of time under Rule 6(b) upon a showing of excusable

---

[1] Defendants also argue that Defendant Amerisist Assisted Living was not properly served, because the return of service Plaintiff provided in support of her motion for entry of default was actually identical to the return of service provided for Amerisist Management. Although the returns are similar, they are not identical: one specifies that it is addressed to Charles Sickles, Esq. as the registered agent of Amerisist Management, L.L.C, and one is addressed to Charles Sickles, Esq. as the registered agent of Amerisist Assisted Living. The Court is aware of no reason why the same individual cannot be a registered agent of both entities.

2

neglect. Fed. R. Civ. P. 6(b). The determination of whether neglect is "excusable" is an equitable one, taking into account all of the relevant circumstances surrounding a party's omission. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 388 (1993); *St. Clair v. General Motors Corp.*, 10 F. Supp. 2d 523, 528 (M.D.N.C. 1998). In determining whether neglect is excusable, a court should consider the danger of prejudice to the opposing party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether or not it was within the movant's reasonable control, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

Here, as noted above, there is small danger of prejudice to the opposing party, and the delay occasioned by the entry of default has been minimal. The delay appears to have been within the movant's control, however; Rice's inattention to the documents in his care is certainly a cause for concern. Nonetheless, it appears that the movants have not acted in bad faith and therefore, after considering the factors above, the Court grants Defendants' motion for an extension of time. Therefore, Defendants are hereby granted seven (7) days from the issuance of this order to file responsive pleadings.

It is so ordered.

The Clerk of the Court is directed to send a copy of this Order to all parties.

ENTERED: *Norman K Moon*
U.S. District Judge

*June 16, 2006*
Date

3